7L 725
4pi 369

7L 725
117 523

FRANKLIN FIRE INSURANCE CO. *v.* J. H. CROCKETT.

1. PRACTICE. *Bill of exceptions. Verdict. Sustained by presumption. When.* If the bill of exceptions fail to show that it contains all the testimony, the court will presume there was enough before the jury to sustain the verdict.

2. FIRE INSURANCE. Equitable owner of property is the "entire and sole owner," within the meaning of the policy.

3. SAME. Where an insurance policy provided: "If the interest of the assured in the property be any other than the entire, unconditional

and sole ownership of the property, for the use of the assured; or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void"; and it turned out that the assured only had a title bond to the property, which was still liable for the purchase money: *Held*, that the policy was not avoided, inasmuch as the failure to disclose the fact that the property was encumbered was not material to the risk.

FROM KNOX.

Appeal in error from the Circuit Court of Knox county. A. S. RODGERS, J.

T. S. WEBB, T. R. CORNICK and GEO. WASHINGTON for Company.

CALDWELL & SON and L. A. GRATZ for Crockett.

FREEMAN, J., delivered the opinion of the court.

This is a suit brought on a fire policy issued by plaintiff in error to Crockett, insuring a dwelling house in the suburbs of Knoxville. A verdict was had in the court below in favor of the assured, from the judgment on which, a writ of error is prosecuted to this court.

The bill of exceptions fails to show that it contains all the testimony given to the jury. We need not, therefore, look into any question of fact that may have been argued, as we must presume, under the established rule, that there was enough before the jury on which their verdict rests to sustain it, though not seen in the record. The question, for instance, as to whether the property had been unoccupied for over the space

of thirty days, without custody of the insurer; and, in a word, all disputed questions of fact are closed by the finding of the jury.

The only real question, we take it, for our decisson, is the correctness of his Honor's ruling as to the law governing the terms found in the 4th clause of the policy, or conditions and requirements thereto annexed; so much as is necessary to raise the question made is as follows:

"If the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property, for the use of the assured, or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void."

The court, after stating to the jury that if, at the time of taking out the policy, the property insured was not in the entire, unconditional and sole ownership of the insured for the use and benefit of himself, and this fact was not disclosed or so represented to the defendant, and the policy so required he should disclose these facts, then he could not recover. He then added: "But if you find the interest or title of the plaintiff to said property was the entire, unconditional and sole equitable interest or title, it would be sufficient." This is assigned as error.

It is settled law, that a party seeking insurance is bound to disclose every fact which enhances or is material to the risk about to be undertaken, and the non-disclosure of any fact, intentionally, which would vary

the risk, is regarded as a fraud; and it seems, even if the material fact should be unintentionally concealed, still the effect being the same on the insurer, and a party being assumed to knew or have the means of knowledge of all such facts with reference to his own property, the like result would follow: *Catron* v. *Tennessee Ins. Co.*, 6 Hum., 179, with authorities cited.

So that it is probable the stipulation cited from the policy does nothing more than embody as part of the contract, what the law imposed as a duty, at any rate added but little to the duty fixed on him, as due to fairness and good faith under the circumstances. In the above case it was held that a claim to own the entire property, an iron furnace, when the insured only owned in fact one-half of it, was such a misrepresentation of his title as would vitiate the policy.

In the case of *Delahay* v. *Memphis Ins. Co.*, 8 Hum., 684, it was held definitely, that the existence of a mortgage on the property insured, not disclosed, was not a circumstance material to the risk, and would not avoid the policy. In the case of *Manhattan Ins. Co.* v. *Barker*, 7 Heis., 504, it was a term of the policy that it should be void "if the interest of the insured in the property be any other than the *entire*, unconditional and sole ownership of the property, for the use and benefit of the assured, and this be not represented to the company." This language is identical with that found in the present policy. The case was that Barker had purchased the goods insured, paid a portion of the purchase money, the goods had been conveyed to him by his vendor, but a lien retained

in the bill of sale to secure the unpaid balance of the purchase money.

The circuit judge was asked to charge, that this failure to disclose the lien, both by the terms of the policy and upon general principles of law, would be a fraud upon the company. His reply was, that depended upon whether it was material to the risk. Our supreme court has held in two cases that a formal mortgage is not material to the risk taken by an insurance company, and that if its existence was not disclosed it is no fraud and does not vitiate the policy. If a regular mortgage would not be material, then a lien reserved as this is, would not be. This court held this charge correct, and abundantly sustained by the cases cited above.

We can see no difference in principle between the principles announced, and the one that will sustain the holding of the circuit judge in the present case. If the existence of a lien by contract, undisclosed, does not vitiate a policy, then one merely based on the retention of the title by the vendor, would have no more effect, as far as we can see.

It is insisted that in the last case the legal title was in the vendee, subject to the charge for balance of purchase money, and this should distinguish the case from the present one. But the case in 8 Hum., was the case of an unsatisfied mortgage, where the legal title was in the mortgagee, the insured having only the equitable title. There can be no distinction in principle, as this court has said, between a legal title conveyed and one retained, as security for purchase

money. We think the reasoning of Judge Green, 8 Hum., 684–5, sound on this question, that a mortgage is only a security for the debt, and if the property be destroyed, the debt remains; so that the assured. has as much interest in protecting the property as if there were no incumbrance on it. He therefore held the mortgage was not a circumstance that increased the risk, and failure to disclose, did not vitiate the. policy.

If this be correct, then the failure to disclose the. fact that the property was encumbered by the lien, was not material to the risk in this case, and certainly it ought to be held, that the terms of this policy required such a disclosure regardless of whether the. risk was affected by it or not, and especially where no inquiry was made as to the state of the title, as in this case. It is not questioned but that the insured had an insurable interest in this property, and it is equally certain he had a complete equitable title, and was as much interested in the preservation of his dwelling as if there had been no lien on the lot on which it stood.

We therefore hold his Honor did not err in his charge, and affirm his judgment in this case.