PHENIX INSURANCE COMPANY, A CORPORATION, *Appellant*, v. CHARLOTTE HILLIARD AND A. B. HILLIARD, HER HUSBAND, AND THE MALSBY COMPANY, *Appellees*.

1. Where by inadvertence or otherwise a policy of fire insurance is issued contrary to the intention of the parties thereto, a court of equity may in a proper case reform the policy so as to make it express the real agreement and intention of the parties, and as so reformed to enforce the policy in order to do complete justice in the controversy.

2.  The right to the reformation of an instrument is not absolute, but depends on an equitable showing.

3.  The interest of a purchaser of property, which he has unqualifiedly agreed to buy and which the former owner has absolutely contracted to sell to him upon definite terms, is the sole and unconditional ownership within the true meaning of the ordinary clause upon that subject in insurance policies, because the vendor may compel the vendee to pay for the property and to suffer any loss that occurs.

4.  The just and reasonable purpose of insurance policies in requiring the insured to have the "unconditional and sole ownership" of the property insured, is to give protection to only those upon whom the loss insured against would inevitably fall but for the insurance, and to avoid taking risks for those whose lack of interest or whose contingent interest in the property insured might tend to encourage carelessness or wrong doing in the use or preservation of the property. Wager policies are not approved and should be avoided.

5.  A conditional sale of personal property by which the vendee takes possession of the property with an unconditional promise to pay for it, but the vendor retains the title till payment in full of the purchase price is made, confers upon the vendor the absolute right of the purchase price, and imposes upon the vendee the unconditional obligation to pay the purchase price, and also casts upon the vendee all the risks of loss incident to the full and complete ownership of the property, unless otherwise specially provided by contract.

6.  To be "unconditional and sole" the interest or "ownership" of the insured must be completely vested, not contingent or conditional, nor in common or jointly with others, but of such nature that the insured must alone sustain the entire loss if the property is destroyed; and this is so whether the title is legal or equitable.

7.  By fair construction and intendment the "unconditional and sole ownership" of property for the purposes of insurance is in those upon whom the loss insured against would certainly fall, not as a matter of mere contract obligation, but as the result of real bona fide rights in the property insured.

8.  Where the insured and the insurer agree that a policy of insurance shall be issued to protect the insured "according to

their respective interests," and the policy is not so issued, it may be reformed so as to show the real interest of the parties in all the property insured, and as reformed the policy may be enforced.

This case was decided by Division A.

Appealed from the Circuit Court for St. Lucie County.

The facts in the case are stated in the opinion of the court.

*Geo. M. Robbins,* for Appellant;

*F. L. Hemmings* and *John E. Hartridge,* for Appellees.

WHITFIELD, C. J.—This appeal is from an order overruling a demurrer to a bill in equity brought to reform and enforce a fire insurance policy.

The amended bill of complaint in substance alleges that Charlotte Hilliard was the owner of a certain building used as a saw mill, and also a stock of lumber as her separate statutory property; that she agreed to purchase from the Malsby Company certain saw-mill machinery; that in pursuance of such agreement she took possession of the machinery and placed it in said building; that she paid $150.90 in cash on the purchase and gave four notes for the balance; that by agreement between Charlotte Hilliard and the Malsby Company the title to said machinery was reserved in the Malsby Company until fully paid for; that the agreements were made by Charlotte Hilliard for the benefit of her separate statutory property; that Charlotte Hilliard agreed to keep said machinery insured for the benefit of the Malsby Company, and she became the agent of the Malsby Company for that purpose; that she made application to the

agent of the Phenix Insurance Company for a policy of insurance to protect her and the Malsby Company against loss by fire of said building, lumber and machinery; that she informed said agent that she owned the building and lumber, and was buying the machinery from the Malsby Company; that it was not paid for, and the title to the machinery would remain in the Malsby Company until fully paid for; that though the agent was fully advised of the facts he by inadvertence, accident or mistake issued the policy to Charlotte Hilliard alone and omitted the name of the Malsby Company as the owner of the said engine, boiler and saw mill machinery; "and also the fact that the insurance on said boiler and engine and saw-mill machinery was for the benefit of the said Malsby Company;" that the premium was paid; that she received the policy from the agent believing it to have been properly prepared and written in accordance with the instructions; that it was the will, intention and understanding of both Charlotte Hilliard and the agent to enter into a contract that would protect the interests of both Charlotte Hilliard and the Malsby Company "according to their respective interests;" that the Malsby Company was not informed of the mistake until after the property was destroyed by fire; that the property was burned without the fault of complainants and the defendant and the policy has not been paid. The prayer is that the policy be reformed in accordance with the alleged intention of the parties and enforced as such, for attorneys' fees, and for general relief.

The notes for the balance of the purchase money for the machinery provide that "it is a part of the contract of sale that the title shall not pass from Malsby Co. until all of said notes are paid; and if the amount of this note, with interest, is not paid at maturity, or in case of the removal of said machinery from the county of St. Lucie,

or if the said machinery shall not be properly cared for, then the said Malsby Co. may declare all our notes at once due and payable, and take possession of said machinery, sell or dispose of the same privately or publicly, at the discretion of Malsby Co. or their authorized agent. And after payment of their debts and all cost, including counsel fees, pay over the remainder, if any, to me. The purchaser from them to receive a good and irrevocable title against me to the machinery, without off-set of any kind. And further, we, makers and endorsers, hereby guarantee Malsby Co. against any damage or loss to said machinery by fire or other cause, and we shall in no event be entitled to a rescission of the contract or to an abatement in the price for any cause, and also agrees to keep the same insured for at least one-half the purchase money for the benefit of Malsby Co." The notes are signed only by "Charlotte Hilliard."

The grounds of the demurrer are that the bill of complaint states no equity, and that the allegations show the Malsby Company did not own or have a lien upon the property, and the policy was properly issue and the remedy at law is adequate.

Where by inadvertence or otherwise a policy of fire insurance is issued contrary to the intention of the parties thereto, a court of equity may in a proper case reform the policy so as to make it express the real agreement and intention of the parties, and as so reformed to enforce the policy in order to do complete justice in the controversy. Taylor v. Glens Falls Ins. Co., 44 Fla., 273, 32 South Rep., 887. See, also, Horne v. J. C. Turner Cypress Lumber Co., 55 Fla., 690, 45 South. Rep., 1016; 19 Cyc., 652, 655; 11 Ency. Pl. & Pr., 378. The right to the reformation of an instrument is not absolute, but depends on an equitable showing. 34 Cyc. 907.

In this case the policy expressly provides that it shall

be void unless otherwise endorsed on the policy "if the interest of the insured be other than unconditional and sole ownership." An allegation of the bill of complaint is that Charlotte Hilliard requested the agent of the insurance company "to write a policy on said described property to protect herself and the said Malsby Company against loss by fire," and that through inadvertence, accident or mistake the agent omitted the name of the Malsby Company as the owner of the machinery. The prayer is that the policy be so corrected or reformed as to show the Malsby Company to be the owners of the machinery, and the demurrer to the bill of complaint states that as matter of law the Malsby Company was not the owner of the machinery.

Where a purchaser of personal property takes possession of it, but the title remains in the vendor till the purchase price is paid in full the vendee in possession has an insurable interest in the property even though he has not fully paid for it. Reed v. Williamsburg City Fire Ins. Co., 74 Me., 537. But under the terms of the policy the insured must have the "unconditional and sole ownership" of the property. The interest of a purchaser of property, which he has unqualifiedly agreed to buy and which the former owner has absolutely contracted to sell to him upon definite terms, is the sole and unconditional ownership within the true meaning of the ordinary clause upon that subject in insurance policies, because the vendor may compel the vendee to pay for the property and to suffer any loss that occurs. Insurance Co. of North America v. Erickson, 50 Fla., 419, 39 South. Rep., 495, 2 L. R. A. (N. S.) 512; Phenix Ins. Co. of Brooklyn, N. Y. v. Kerr, 129 Fed. Rep., 723, 64 C. C. A., 251; Rumsey v. Phenix Ins. Co., 1 Fed. Rep., 396; 8 Words and Phrases, 7154; 2 Cooley on Insurance, 1375; Richards on Insurance (3rd Ed.), 336.

Appellees contend that this rule does not apply to personal property, and cite 2 Clements on Fire Insurance, 170. The rule there announced has some support in cited cases where the vendor reserved the right to retake possession and ownership of the property. The facts in this case are not of that character.

The just and reasonable purpose of insurance policies in requiring the insured to have the "unconditional and sole ownership" of the property insured, is to give protection to only those upon whom the loss insured against would inevitably fall but for the insurance, and to avoid taking risks for those whose lack of interest or whose contingent interest in the property insured might tend to encourage carelessness or wrong doing in the use or preservation of the property. Wager policies are not approved and should be avoided.

A conditional sale of personal property by which the vendee takes possession of the property with an unconditional promise to pay for it, but the vendor retains the title till payment in full of the purchase price is made, confers upon the vendor the absolute right of the purchase price, and imposes upon the vendee the unconditional obligation to pay the purchase price, and also casts upon the vendee all the risks of loss incident to the full and complete ownership of the property, unless otherwise specially provided by contract. 6 Am. & Eng. Ency. Law (2nd Ed.), 455.

To be "unconditional and sole" the interest or "ownership" of the insured must be completely vested, not contingent or conditional, nor in common or jointly with others, but of such nature that the insured must alone sustain the entire loss if the property is destroyed; and this is so whether the title is legal or equitable. Hartford Fire Ins. Co. v. Keating, 86 Md., 130, 38 Atl. Rep., 29, 63 Am. St. Rep., 499.

By fair construction and intendment the "unconditional and sole ownership" of property for the purposes of insurance is in those upon whom the loss insured against would certainly fall, not as a matter of mere contract obligation, but as the result of real bona fide rights in the property insured.

The contract of sale in this case expressly reserved the title in the vendor till all the goods were paid for, with a provision that upon certain defaults and contingencies the vendor might take possession of the property, not for the purpose of resuming the ownership of it, but to sell it to make the purchase price out of it. The vendors were guaranteed against any loss or damage to the property by fire or other cause; and as an express stipulation the vendee was in no event entitled to a rescission of the contract or to an abatement in the price for any cause. These agreements expressly fixed the rights of the vendee, and the agreement to keep the property insured for the benefit of the vendor was only an additional security for the purchase price, and did not affect the vendee's interest or risks in the property.

While the vendor, the Malsby Company, did not have the "unconditional and sole ownership" of the machinery when the policy was issued, such vendor reserved the title for the purpose of securing the purchase price, and consequently had an insurable interest in the machinery. 19 Cyc., 588; 13 Am. & Eng. Enc. Law (2nd Ed.,) 181. The prayer for relief for the Malsby Company is on the ground that it is "the owner of said * * * machinery," but it is alleged that it was mutually intended to enter into a contract that would protect the interests of the insured "according to their respective interests." Under this allegation, admitted by the demurrer, the real interest of the parties in all the property insured may be

shown and appropriate relief may be granted under the general prayer.   16 Cyc., 224;   18 Enc. Pl. & Pr., 867.

The order appealed from is affirmed and the cause is remanded, with leave to amend if so desired.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.

Petition for rehearing in this case denied.