WESTERN ASSURANCE COMPANY *v.* WHITE.

Opinion delivered July 12, 1926.

1. INSURANCE—LIMITATION OF CONCURRENT INSURANCE.—A fire insurance policy may properly limit the total concurrent insurance and invalidate the policy if that amount is exceeded.

2. INSURANCE—LIMITATION OF CONCURRENT INSURANCE—WAIVER.— While a clause in a fire insurance policy limiting the total concurrent insurance in the property is valid, it may be waived by the insurer; and where there was evidence that the insurer's agent knew of the excess of insurance, and the insurer's subsequent conduct was such as to imply a purpose not to insist upon a forfeiture on that account, a verdict finding that there was a waiver of this provision is conclusive.

3. INSURANCE—SOLE OWNERSHIP.—A husband who is tenant by the curtesy is not the sole owner within a fire insurance policy requiring to have the sole ownership, since his wife has a right to an equal and separate enjoyment of the proceeds derived from such an estate.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; reversed.

*McMillen & Scott,* for appellant.

*John E. Miller, Cul L. Pearce* and *John D. DeBois,* for appellee.

SMITH, J. The appellant insurance company issued to appellee individually a policy of insurance on a building owned by appellee and his wife as tenants by the entirety for the sum of $1,500. The policy contained a provision limiting the concurrent insurance on the building to $4,000. Additional insurance on the building was taken out by appellee, so that, at the time of the fire which destroyed the building, there was $5,500 insurance on it. The policy contained a clause which provided that it should be void if the total concurrent insurance exceeded $4,000. The policy also contained a provision that it should be void "if the interest of the insured be other than unconditional and sole ownership."

The insurance company denied liability upon two grounds: first, because insurance in excess of the concurrent insurance allowed by the policy sued on had been taken out; second, because appellant was not the sole and unconditional owner of the building.

There was a verdict and judgment for the owner, and the insurance company has appealed.

The validity of a clause in an insurance policy limiting the total concurrent insurance and invalidating the policy if that amount is exceeded has been frequently recognized by this court; indeed, it is recognized and enforced universally, but it has been held by this and all other courts that, while the clause is valid, it may be waived. That such a provision may be waived was declared by this court in the case of *German-American Ins. Co.* v. *Harper,* 75 Ark. 98, 86 S. W. 817, and that case has since been several times followed.

Without setting out the testimony showing knowledge of the excess of insurance, it may be said that the testimony warranted the jury in finding that the agent of the appellant company had such knowledge of this

fact, and that its conduct was thereafter such as to reasonably imply a purpose not to insist upon a forfeiture of the policy on that account, and, this being true, the verdict of the jury finding that there was a waiver of this provision is conclusive of that fact. *Ark. Mutual Fire Ins. Co.* v. *Claiborne,* 82 Ark. 150, 100 S. W. 751.

Upon the second question, it may be said that the undisputed testimony shows that appellant and his wife were the owners of the insured property as tenants by the entirety, and there was no testimony charging the insurance company, or its agent, with knowledge of that fact, so that it cannot be contended, in fact it is not insisted, that there was any waiver of the provision of the policy that it should be void "if the interest of the insured be other than unconditional and sole ownership." On the contrary, the insistence is that appellant, as a tenant by the entirety, was the sole and unconditional owner.

We do not agree with counsel in this insistence. If being a tenant by the entirety made appellant the sole and unconditional owner, then his wife, the other tenant by the entirety, would also be the sole and unconditional owner, and we would have the anomalous condition of two persons each being the sole and unconditional owner, for her interest is as great as his, and she has the same right to the use and possession of the property and the same right to share in the rents and profits thereof. In the recent case of *Moore* v. *Denson,* 167 Ark. 134, 268 S. W. 609, we had occasion to consider the nature of the respective rights of the holders of an estate of this kind. In that case a judgment had been recovered against the husband, and we held that his interest in the estate might be sold under execution subject to the wife's right of survivorship.

This holding followed from the prior holding of this court in the case of *Branch* v. *Polk,* 61 Ark. 388, where the court considered the effect on estates by the entirety of the provisions of our Constitution and statutes which had enlarged the rights of married women. Mr. Justice RID-

DICK, speaking for the court, said: "In this State a married woman has full control of her separate property, and may convey and dispose of it as if she were a *feme sole*. Our Constitution and statute have excluded the marital rights of the husband therefrom during the life of the wife; Const. 1874, art. 9, § 7; Sandels & Hills' Digest, § 4945; *Neelly* v. *Lancaster*, 47 Ark. 175, 1 S. W. 66, 58 Am. Rep. 752; *Roberts* v. *Wilcoxson*, 36 Ark. 355. We think that the effect of these provisions was to give the wife control of all the property owned by her, including her interest in an estate by the entirety as well as other real estate. To say that it did not apply to an estate by entirety would be to deprive her of a share in the rents and profits of such an estate during the life of her husband, and would establish an exception to the operation of the Constitution and statute resting on no valid principle or reason. *Hiles* v. *Fisher*, 144 N. Y. 306, 39 N. E. 337, 43 Am. St. Rep. 766. On the other hand, to say that neither she nor her husband could convey any interest in such an estate except by a joint deed would tie up the estate and prevent either of them from controlling or disposing of his or her interest without the consent of the other. It would also result in placing it beyond the reach of the creditors of either of them, and such is the rule followed in several of the States. *McCurdy* v. *Canning*, 64 Pa. St. 39; *Chandler* v. *Cheney*, 37 Ind. 391; *Naylor* v. *Minock*, 96 Mich. 182, 55 N. W. 664, 35 Am. St. Rep. 595, and note."

The learned justice there also said: "The rational construction of these provisions of our Constitution and statute, which 'uprooted principles of the common law hoary with age,' swept away the marital rights of the husband during the life of the wife, and gave enlarged powers to married women, is, not that they lessen the power of the husband over his own interest in an estate by entirety, but, that they deprive him of the control over the interest of the wife which he formerly exercised *jure uxoris*, and confer upon the wife the control of her own interest. The right of the wife to control and convey her

interest, we think, is now equal to the right of the husband over his interest. They each are entitled to one-half of the rents and profits during coverture, with power to each to dispose of or charge his or her interest, subject to the right of survivorship existing in the other. *Hiles* v. *Fisher,* 144 N. Y. 306; 43 Am. St. Rep. 762; *Buttlar* v. *Rosenblath,* 42 N. J. Eq. 651, 59 Am. Rep. 52."

It follows therefore that the husband has no longer, as at common law, control over the interest of his wife in an estate by the entirety, but she has the right to an equal and separate enjoyment of the proceeds derived from such an estate.

The language, "unconditional and sole ownership," appearing in the policy sued on, has been many times defined in the textbooks on insurance and in the reported cases as follows: "An insurance ownership is sole when no one else has any interest in the property as owner, and is unconditional when the quality of the estate is not limited or affected by any condition." *Royal Ins. Co. Ltd.,* v. *Shirley,* 106 Sou. (Miss.) 884.

Under this definition a tenant by the entirety does not qualify as a sole owner. Indeed, we have found no case holding that a tenant by the entirety was a sole owner and entitled to recover as such where the policy of insurance required that the insured be the sole owner. The rule is stated to the contrary in 26 C. J., chapter Fire Insurance, § 219, page 180, where it is said: "When the title is in husband and wife jointly, the husband cannot insure as sole and unconditional or absolute owner." We have examined the cases cited in the note to the text quoted and we find they fully sustain the text.

The case of *Turner* v. *Home Ins. Co.,* 189 S. W. 626, is cited as an apparent exception to the rule. This was a decision by a Court of Appeals of Missouri, but it was recognized and stated in that case that "where the assured's title is under a deed, making him only a tenant by the entirety with his wife, he is not the sole and unconditional owner." The court further said: "If this had been all that was shown in this case as to the title, we

would be inclined to hold the policy void, in view of what the Supreme Court (of Missouri) held as to the wife having a substantial interest when holding as a tenant by the entirety, in *Holmes* v. *Kansas City*, 209 Mo. 513, 108 S. W. 9, 1134, 123 Am. St. Rep. 495.''

But that court said that the undisputed testimony in that case showed that the husband had purchased and paid for the property without any intention that any interest in it be conveyed to his wife, and that therefore there was a resulting trust in the husband's favor, and he was therefore the equitable owner of the property. It therefore appears that this case is not in fact out of line with other cases on the subject.

We conclude therefore that appellee was not the sole and unconditional owner of the property, and, as it was not shown that the insurance company had waived this provision of the policy, it follows that a right to recover on the policy was not shown. 2 Joyce on Insurance, § 1048A; 6 Cooley's Briefs on Insurance, § 1382 (J); *Clawson* v. *Citizens' Mutual Fire Ins. Co.*, 121 Mich. 591; 80 N. W. 573, 80 Am. St. Rep. 538; *Schroedel* v. *Humboldt Fire Ins. Co.*, 27 Atl. 1077; Ostrander on Fire Insurance, § 63; *Ætna Ins. Co.* v. *Resh*, 40 Mich. 241; *Genesee Falls Assn.* v. *U. S. Fire Ins. Co.*, 16 App. Div. N. Y., 44 N. Y. S. 979.

The judgment of the court below will therefore be reversed, and the cause remanded.