THE COMMERCIAL MUTUAL FIRE INSURANCE COMPANY OF GREENE COUNTY and Others, Appellants, *v.* JOHN W. CRAWFORD and Others, Respondents.

Third Department, January 5, 1927.

Insurance — fire insurance — policies payable to mortgagee as interest might appear — after loss plaintiffs paid mortgagee and demanded subrogation on ground that policies were void in that insured was not sole and unconditional owner — insured was tenant by entirety — policies provided that they would be invalid in case ownership was other than sole and unconditional unless otherwise provided — insured did not disclose interest — insurers not estopped by failure to make inquiries as to ownership — policies were void at inception — payment by insurers to mortgagee did not waive invalidity — examination of insured under oath not waiver of invalidity.

This is an action to recover the amount paid by the plaintiffs on fire insurance policies to a mortgagee of the defendants, which payment was accompanied by demand for subrogation on the ground that the policies were void in that the sole and unconditional ownership of the property was not in the defendant to whom the policies were issued. Since the insured was a tenant by entirety, and since he failed to inform the insurers of his actual interest in the property, the policies were void from their inception and the mere fact that the insurers did not make any inquiries as to the ownership of the property does not estop them from recovering the amount paid to the mortgagee under the terms of the policy, for the policies provided that unless the ownership was sole and unconditional they would be void unless otherwise expressed in writing.

The contention by the defendants that if the policies were void in their inception the mortgagee clauses were also void and that payment by the insurers to the mortgagee operated as a waiver of the invalidity of the policies, cannot be sustained.

The examination of the insured under oath did not constitute a waiver of the question of validity, since the circumstances of the examination are not disclosed and it does not appear that the examination was had at the request of the insurers.

APPEAL by the plaintiffs, The Commercial Mutual Fire Insurance Company of Greene County and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Delaware on the 23d day of July, 1926, upon the decision of the court rendered after a trial before the court without a jury.

*William Rooney,* for the appellants.

*Samuel H. Fancher,* for the respondents John W. Crawford and another.

No appearance for the defendant The Federal Land Bank of Springfield.

COCHRANE, P. J.   The appellants, four insurance companies, issued their policies of fire insurance to the respondent John W. Crawford, insuring his interest in a house and barn on premises in Delaware county.   The policies were in standard form and each contained a standard mortgagee clause in favor of the defendant, The Federal Land Bank of Springfield, which had a mortgage on the premises in question.   The policies when issued were delivered to the said Crawford and by him to the said mortgagee pursuant to the requirements of the mortgage.   Each policy contained this provision: " This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership."   It is undisputed that the insured did not have the unconditional and sole ownership.   He and Margaret Crawford, his wife, were tenants by the entirety in respect to the insured property. A loss by fire having occurred the appellant companies paid the same to the mortgagee and claiming that the policies were void as to the insured owner because of the above-quoted provision demanded of the mortgagee subrogation of its mortgage to the extent of the payments made.   This demand was made pursuant to provisions both in the policies and in the mortgagee clauses to the effect as follows: " Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that as to the mortgagor or owner no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made under all securities held as collateral to the mortgage debt."   The mortgagee refused to execute assignments subrogating the appellants to its interest in the mortgage and the appellants thereupon brought this action seeking subrogation as to the mortgagee to the extent of the payments made to it and seeking to have the policies declared void as to the insured owner and for judgment of foreclosure under the mortgage, the full amount thereof having become due.

No formal application for the policies was made by the insured. He conducted his negotiations therefor by letters to one Pond, a local agent representing all the appellants.   He did not in his communications disclose to Pond the interest of his wife in the

premises in question and the respondents do not so contend. In his correspondence with Pond he used throughout the singular pronoun, referring to himself as owner of the property, except that in a postscript to one of his letters he said: " This to run one year then we will get it all in one place." This evidently included himself and Pond to whom he was writing and referred to a statement previously made in the letter that another company had a policy which would expire in about a year, the writer having said in the letter: " That policy expires in about a year, and my idea is to get $2500 additional on house and $2500 on barn until their policy expires, and then if it is more satisfactory could put it all in one place." That Pond understood the word " we " to refer to himself and Crawford, the writer of the letter, seems clear from his response thereto wherein he wrote: " Should you care to have me take care of the rest of the insurance at any time I would be very glad to do so." The respondents contend that the insurers are estopped from relying on the incorrectness of the policy in respect to ownership because they made no inquiry in respect to the title and were satisfied to issue the policies without making such inquiry. It has been held that an applicant for insurance is not bound to disclose the nature or the extent of his interest unless requested so to do. (*Cross* v. *National Fire Ins. Co.,* 132 N. Y. 133; *Clark* v. *President, etc., of the Manufacturers' Ins. Co.,* 8 How. [U. S.] 235.) That rule, however, has no application in respect to the existence or non-existence of a fact which the policy itself as in this case declares shall render it void. In Richards on Insurance Law (3d ed. p. 339) it is said: " Though no extraneous representation be asked for by the insurer or be made by the assured regarding his interest, he must, nevertheless, see to it that the express warranties of the policy in regard to sole and unconditional ownership are fulfilled. This is beyond peradventure the sound rule." The author goes on to say that by an extraordinarily liberal construction, several courts have held otherwise, but we think the rule in this State is as above stated. In *Lasher* v. *St. Joseph Fire & Marine Ins. Co.* (86 N. Y. 423) the court quoted with approval from *Mers* v. *Franklin Ins. Co.* (68 Mo. 127) as follows: " But when a disclosure of the true interest of the assured, if the same is not absolute, is required to be made by a condition of the policy, such interest must be stated to the company, or the policy will be void. The acceptance of a policy containing the condition under consideration, without any representation as to title, or any statement of the specific interest of the assured, amounts to a declaration, on the part of the assured, that his interest is an absolute one," and the court added: " We think these views

contain a true exposition of the law applicable to this case." In *Skinner* v. *Norman* (165 N. Y. 565) the court held that the agent of the company had agreed to make the necessary inquiry as to ownership, the representative of the one applying for the insurance not having the necessary knowledge, but Judge CULLEN stated the rule as follows: " It is the duty of such applicant to comply with the conditions of the policy and to give the information requisite for its validity. The company may rely on the presumption that the insured has stated all the material facts and as a rule is not bound to make inquiries." In Cooley's Briefs on the Law of Insurance (Vol. 2, p. 1330) it is said: " Though questioned in some cases, it seems to be a well established rule that if the policy contains the condition that, if the interest of the insured is other than sole and unconditional ownership, it must be expressed in the policy, such condition, if unqualified by a disclosure, amounts to a warranty that the interest of the insured is sole and unconditional." (See, also, *Matthie* v. *Globe Fire Ins. Co.*, 174 N. Y. 489; *Weed* v. *London & Lancashire Fire Ins. Co.*, 116 id. 106; *Ordway* v. *Chace*, 57 N. J. Eq. 478.) The reason for this rule is that the insured is informed by the very terms of his policy that it is valid only in case that he is the sole and unconditional owner. That is his contract and if such is not the fact his policy plainly tells him that it is his duty to make the necessary disclosure.

The respondents further contend that if the policies were void at their inception the mortgagee clauses were also void and that payment by the insurers to the mortgagee operated as a waiver of the invalidity of the policies. The answer to that argument is that the companies while acknowledging their liability to the mortgagee constantly asserted that the policies were void as to the insured owner. They accompanied their payment to the mortgagee with the demand for subrogation. A party entitled to a right does not waive it when he asserts and seeks the means of enforcing the same. That is what the companies did in this case. It is to be observed that the companies demanded subrogation in this case not by reason of any principles of equity but by virtue of the express provisions of their contract as above set forth which gave them the right to subrogation on payment to the mortgagee. In *Ordway* v. *Chace* (57 N. J. Eq. 478), a case very similar to this, where the policy was void in its inception, but where there was also a mortgagee clause similar to the one here, it was said by Vice Chancellor PITNEY: " If, then, the policy was void as to Chace or Mrs. Engert, the then owner of the premises, it is clear that the insurance company's right of subrogation must prevail. *Hare* v. *Headley*, 9 Dick. Ch. Rep. [54 N. J. Eq.] 545." In *Jammel* v.

8

*Girard Fire & Marine Ins. Co.* (210 App. Div. 145) it was conceded that the mortgagee was entitled to recover although the policy was held void as to the insured owner for precisely the same reason that these policies in question are void.

Finally the respondents urge that the companies waived the invalidity of the policies because with knowledge of the facts they examined the insured owner under oath, and cite the case of *Titus* v. *Glens Falls Ins. Co.* (81 N. Y. 410, 418) as an authority to that effect. The evidence before us does not disclose that any examination was had under the terms and provisions of the policies at the instance of the appellants. It appears incidentally that the insured owner was examined under oath but the circumstances of such examination were not disclosed. It cannot be inferred from the evidence that any examination was had at the instance of the appellants. It may have been in some proceeding entirely remote and unrelated to the insurance policies. The appellants contend that waiver was not pleaded and that it is a matter of affirmative defense. (*Grant* v. *Pratt & Lambert*, 87 App. Div. 490.) We need not now consider that proposition.

It follows from what has been said that the judgment should be reversed and a new trial granted, with costs to the appellants to abide the event. The court disapproves of the findings of fact numbered 11, 12, 16 and 17.

VAN KIRK, HINMAN, McCANN and DAVIS, JJ., concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellants to abide the event.

The court disapproves of findings of fact numbered 11, 12, 16 and 17.