T. J. FOSTER *v.* ILLINOIS TRAVELERS HOME INSURANCE CO.
OF CHICAGO.*

(*Nashville.* December Term, 1927.)

Opinion filed February 4, 1928.

1. INSURANCE. APPLICATION. INTEREST OF INSURED.

The acceptance of an insurance policy which provides that the entire policy shall be void unless otherwise provided by an agreement in writing thereto (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple amounts to a representation by the insured that his title or interest is as stated in the condition, and if such title or interest is substantially different the insurance is void. (Post, p. 438.)

Citing: Insurance Co. v. Crockett, 75 Tenn. (7 Lea), 727; Catron v. Tenn. Ins. Co., 25 Tenn. (6 Hump.), 177; 26 C. J., 170; Phoenix Ins. Co. v. Hilliard, 59 Fla., 590, 138 Am. St., Rep., 309; Grace v. Phoenix Ins. Co., 94 Minn., 201, 22 L. R. A. (N. S.), 732.

2. INSURANCE. MORTGAGOR. CONDITIONAL VENDEE. SOLE OWNER.

A mortgagor or conditional vendee can- recover under such condition upon the theory that such person is the entire, unconditional, and sole owner, and failure to disclose the lien does not increase the risk. (Post, p. 441.)

Citing: Light & Co. v. Insurance Co., 105 Tenn. (21 Pick.), 480.

3. INSURANCE. MORTGAGOR. MORTGAGEE. TRUE OWNER.

A mortgagee is not a true owner of property so as to permit recovery under an insurance policy which provides that same shall be void unless the insured is the owner in fee simple. (Post, p. 441.)

**4. PETITION TO REHEAR. STRENGTH.**

Where on a petition to rehear additional cases are cited which strengthen rather than weaken the conclusions announced in the original opinion the petition will be denied. (Post, p. 441.)

Citing: Gunn v. Palatine Ins. Co., Nov. 10, 1927 (Ala.), 114 So., 690; Western Assurance Co. v. White, July 12, 1926 (Ark.), 286 S. W., 804, 48 A. L. R., 349; Niagara Fire Ins. Co. v. Mullins, Feb., 1927 (Ky.), 291 S. W., 760; Ballard v. Ins. Co., Jan. 5, 1921, 237 Mass., 34, 129 N. W., 290; Commercial Mut. Fire Ins. Co. v. Crawford, Jan. 5, 1927 (N. Y. Sup. Ct.), 219 N. Y. Supp., 103; Ohio Farmers Ins. Co. v. Toledo, Oct. 14, 1924 (Ohio), 38 A. L. R. 1118; Palmetto Fire Ins. Co. v. Fansler, Oct., 1925 (Va.), 129 S. E., 727.

---

*Headnote 1. Fire Insurance, 26 C. J., sections 208, 214.

---

## FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— HON. D. W. DeHaven, Judge.

RAYMOND O. VALLEY, for complainant.

ROBERT LEE BARTELS, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the court.

On May 11, 1926, complainant, Foster, made a loan of $6500 to Oliveri, which was secured by a deed of trust on a frame store building located on the corner of Lyceum and Grand Opera Streets, near the City of Memphis.

About July 2, 1926, Foster applied to Cleveland & Hughes, insurance agents and brokers, in the City of Memphis, for insurance on said building, and on said day Hughes, accompanied by Foster, made a personal in-

spection of said property. Foster disclosed to Hughes the true state of title to said property. Hughes advised Foster "that he was insured."

On July 5, 1926, Foster left for California.

Later the company in which Hughes had insured said property ordered the policy canceled. Thereupon, Hughes called up Smith, local agent for the defendant company, and asked if he could place insurance upon said building. He was told that he could, Smith agreeing to accept Hughes' inspection of the property, and requested that Hughes furnish him a description of the property. An erroneous description was furnished by some employee in Hughes' office, upon which the policy was issued to Foster covering a similar building owned by Oliveri in the middle of the block, and which was already covered by a policy issued by defendant. None of the agents or employees of defendant undertook to locate or inspect said building, but relied upon the inspection made by Hughes. The policy was for $3,000, was issued on July 24, 1926, and the premium of $90 was paid by Foster, who deposited the policy in his lock box without having read it. The building was destroyed by fire on October 28, 1926.

No written application for the insurance was made by Foster, and the policy was payable to him without disclosing the fact that he was only a mortgagee and not the owner. The purpose of the bill was to reform the policy with respect to the description of the property and to recover a decree for the face value thereof.

The bill was demurred to and the demurrer sustained and the bill dismissed.

The third ground of the demurrer is as follows:

(1)    "It appears upon the face of the bill that the complainant was not the owner of the property which

was destroyed and for which he seeks a recovery upon the contract of insurance; but merely held a mortgage upon said property to secure an indebtedness owing to him.''

The policy contains this provision:

''This entire policy shall be void unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple.''

It is generally held that stipulations of this character are reasonable and valid, and a breach thereof will avoid the policy. 26 C. J., 170, and cases cited in notes.

On page 171, of the same book, it is said:

''Where such conditions are contained in the policy, and there is no statement of the title or specific interest, an acceptance of the policy amounts to a representation by insured that his title or interest is that stated in the condition, and if his title or interest is substantially different the insurance is avoided. It has been held, however, by some authorities that, where there is no written application and no inquiries are made, the mere acceptance of a policy providing that it shall be void if the interest of insured is other than that specified in the policy does not constitute a representation or warranty as to the nature of insured's title.''

By referring to the cases in the notes it will be seen that the decided weight of authority supports the rule, while the exception is sustained by the courts of Illinois, Indiana, Nebraska and Washington. It seems that Illinois adopted the majority rule in *Crikelair* v. *Citizens Insurance Co.*, 168 Ill., 309, 61 Am. St. Rep., 119.

The purpose of the condition is thus stated in *Phoenix Ins. Co.* v. *Hilliard*, 59 Fla., 590, 138 Am. St. Rep., 171

"The just and reasonable purpose of insurance policies in requiring insured to have the sole and unconditional ownership of the insured property is to give protection only to those upon whom the loss insured against would inevitably fall but for the insurance, and to avoid taking risks for those whose lack of interest or whose contingent interest in the property might tend to encourage carelessness or wrongdoing in its use or preservation."

And in *Grace* v. *Phoenix Ins. Co.*, 94 Minn., 201, 22 L. R. A. (N. S.), 732, it was said:

"The purpose of this provision is to prevent a party who holds an undivided, or contingent, but insurable interest in property from appropriating to his own use the proceeds of a policy, taken upon the valuation of the entire and unconditional title, as if he were sole owner, and to remove from him the temptation to perpetrate fraud and crime; for, without this, a person might thus be enabled to exceed the measure of an actual indemnity. But where the entire loss, if the property is destroyed by fire, must fall upon the party insured, the reason and purpose of this provision does not seem to exist."

In our opinion, not only the decided weight of authority but the better reasoning supports the majority rule.

In *Insurance Co.* v. *Crockett*, 75 Tenn., 727, it was said:

"It is settled law, that a party seeking insurance is bound to disclose every fact which enhances or is material to the risk about to be undertaken, and the nondisclosure of any fact, intentionally, which would vary the risk, is regarded as a fraud; and it seems, even if the material fact should be unintentionally concealed, still

the effect being the same on the insurer, and a party being assumed to know or have the means of knowledge of all such facts with reference to his own property, the like result would follow.''

*Catron* v. *Tennessee Ins. Co.*, 25 Tenn., 177, while not directly in point, tends to support the rule.

(2) This court in *Light & Co.* v. *Insurance Co.*, 105 Tenn., 480, and cases cited therein, held that a mortgagor or conditional vendee can recover where such a condition is stipulated in the policy upon the theory that such person is the entire, unconditional, and sole owner of the goods, and that failure to disclose the lien does not increase the risk.

In the instant case, under these authorities, Oliveri was the sole owner of the building, and had he effected the insurance without disclosing the mortgage, he could have recovered, provided there was no fraud.

(3) In other words, under the decisions of this court, the mortgagor and vendor, where a lien on or title to the property is retained, is held to be the real owner. It follows that if Oliveri was the true owner Foster was not, and hence he is precluded by the stipulations in the policy.

Entertaining these views, it results that the decree of the Chancellor will be affirmed.

### ON PETITION TO REHEAR.

(4) Counsel for the respective parties have displayed great energy and ingenuity in collecting the cases bearing upon the question involved, all of which we have carefully considered, and which strengthen rather than weaken the conclusions announced in the original opinion.

Practically all of the recent decisions support the rule which we adopted. Some of these cases, with dates de-

cisions were rendered, are as follows: *Gunn* v. *Palatine Ins. Co.,* Nov. 10, 1927 (Ala.), 114 So., 690; *Western Assurance Co.* v. *White,* July 12, 1926 (Ark.), 286 S. W., 804; 48 A. L. R., 349; *Niagara Fire Ins. Co.* v. *Mullins,* Feb., 1927 (Ky.), 291 S. W., 760; *Ballard* v. *Ins. Co.,* Jan. 5, 1921, 237 Mass., 34, 129 N. W., 290; *Commercial Mut. Fire Ins. Co.* v. *Crawford,* Jan. 5, 1927 (N. Y. Sup. Ct.), 219 N. Y. Supp., 103; *Ohio Farmers Ins. Co.* v. *Toledo,* Oct. 14, 1924 (Ohio), 38 A. L. R., 1118; *Palmetto Fire Ins. Co.* v. *Fansler,* Oct., 1925 (Va.), 129 S. E., 727.

The petition to rehear will be denied.