# NATIONAL UNION FIRE INSURANCE CO. v. LOU OWENS.

Eastern Section.    February 20, 1932.

Petition for Certiorari denied by Supreme Court, June 5, 1932.

Thompson & Ballard, of Chattanooga, for plaintiff in error.

Williams & Frierson and Samuel B. Smith, all of Chattanooga, for defendant in error.

PORTRUM, J. In July, 1928, Mr. John Thomas owned a Nash Sedan automobile, upon which he carried insurance against fire in the National Union Indemnity Company. In the same month Mr. Thomas sold this automobile to Mr. James Owens, for a cash consideration of $500, and perhaps other consideration. Thereafter Mr. Owens gave this automobile to his wife, the defendant in error, Mrs. Lou Owens. Either before or after the gift, Mr. Thomas had his fire insurance coverage transferred to the then owner. In due time this policy of insurance expired, and the agent who had written the policy called upon the Owenses to rewrite the insurance for them. Mrs. Owens agreed to continue the insurance, and the agent wrote a renewal policy, stating the car was a second-hand car, purchased July, 1928, and the actual cost to the insured was $1100, giving the year model as 1927, and also the serial number. The amount of insurance allowed was $600, with a monthly reduction clause, reducing the amount of insurance at the rate of two per cent per month during the period of coverage. The agent admits that he took this information from the policy originally written in favor of Thomas, and that the insured made no representation whatever.

On March 13, 1930, between nine and nine-thirty at night, the automobile caught fire and was almost completely destroyed. The next morning Mrs. Owens notified the office of the agent of the fire. On that morning the office sent a representative to the scene of the fire, which occurred upon one of the streets in Chattanooga. A few days later Mrs. Owens was called by telephone and requested to come to the office of the agent, and she went there, meeting there the adjuster, Mr. Cromwell, who questioned her in reference to her loss. He states that on this occasion she falsely represented to him that she paid $1100 for the car. For the purpose of adjusting and settling the claim he went with her to inspect the burned automobile. The company, through its agent, took charge and directed the disposition of this car. The adjuster examined the car and took its serial number, but they could not agree upon a sum in settlement. The adjuster stated: We could not and would not pay more than $150 on the loss. Mrs. Owens would not agree to this sum.

Mrs. Owens, being unable to adjust the loss herself, employed an attorney. He prepared for her proof of loss, and states that he

mailed the proof on the 12th day of May, and within time for the agency to receive it within the sixty day period. The agency insists that the proof was received on May 16th, and that the postmark on the envelope shows it was stamped or canceled on May 14th, or the sixty-first day after the loss. For this reason the company declined to pay the loss, and for the further reason it had been discovered that the description of the car as given in the policy did not describe the car destroyed by fire. The car described in the policy was of the year model 1927, while the car destroyed was of the year model of 1926. The serial numbers were not the same, and the actual cost to insured was given as $1100, when the proof of loss shows the actual cost to not exceed $800.

This suit was instituted to recover the loss; the defendants filed a plea of the general issue, and four special pleas, ,raising specific defenses. Under the first special plea a breach of the warranty was relied upon. The second special plea raised a question which is not now material. And the third, that proof of loss was not filed with the company, under the terms of the contract, within sixty days. These pleas were put at issue and the case went to trial before the court and a jury. A verdict was rendered in favor of the plaintiff for the full sum due under the policy, together with the twenty-five per cent penalty. A motion for a new trial was made, and later amended and overruled. An appeal was prosecuted to this court.

The assignments of error raised these questions:

1. The court erred in not sustaining the motion for a directed verdict.

2. The court erred in charging in reference to waiver of the proof of loss as follows: "Or, if she failed to furnish that within sixty days, it was actually sixty-three days, if before that time the company knew about it and took charge of the investigation of it and adjusted it . . . then the plaintiff has made out a prima facie case and would be entitled to recover the value of the automobile at the time it was destroyed . . ."

3. The court erred in his charge in reference to the recovery of the penalty.

4. The court erred in refusing to charge that "They can recover under this policy only by showing that the automobile insured thereby corresponds with the description set forth in the policy . . ."

And in stating in reply: "I will decline that for this reason, if they insured this car, gentlemen, and saw it, and the agent went out and taken it, even if he took the description of it from another policy that they had on it previously thereto, they are bound by it."

5. The court erred in not giving in charge this: "I will ask you to state to the jury that that presumption does not stand in the face

of positive, unimpeached proof. The court: That is true. Mr. Thompson: And that they cannot disregard the proof of this witness Jennings . . . The court: The jury is the exclusive judges of the facts.''

6. The suit was prematurely brought, in that the proof of loss was received by defendant on May 16, 1930, and under the express terms of the contract sued upon the loss did not become payable nor did the right of action accrue until sixty days after the receipt of such proof of loss.

''Most of these issues can be discussed under the first assignment. There is no evidence to support the verdict.'' Was there a breach of warranty caused by the misrepresentation of the insured? The in-, sured made no representation, and was called upon for none. The agent of the company procured this information from the policy he had previously written on the car, for the former owner. There is no question but what this is the identical car intended to be covered by the policy. The reason it was not correctly described is due to the mistake or negligence of the company. The insured did not induce this mistake. She is not responsible for the falsity of the representation. But it is said that it is a rule of law before she can recover she must show that the car destroyed was the car described in the policy upon which she sues. So her only remedy was a reformation of the contract, and this remedy is available to her in equity and not at law. For the court is not at liberty to introduce a short cut to reformation by letting the jury strike out the clause. Insurance Co. v. County of Coss, 151 U. S., 452, 38 L. Ed., 231. Had the mistake been the insured's mistake, then her remedy would have been by reformation. But a court of law has power to decline to participate in the perpetration of a fraud upon a party, and it may decline to entertain a defense advanced by a defendant which would make of the court a participant in a wrong. A company which relies upon its own mistake and negligence, after learning of the mistake and negligence, in an attempt to defeat its contractual obligations, is guilty of an attempted fraud. Under the facts of this case we think it was incumbent upon the defendant to seek the remedy of reformation, for,

''The insurer will not be permitted to avoid the policy by taking advantage of any misstatement, misrepresentation or concealment, of a fact material to the risk, which is due to the mistake, fraud, negligence, or the fault of his agent and not the fraud or bad faith on the part of the insured.'' 26 C. J., Sec. 381, p. 308.

However, the rule is invoked that the acceptance of the policy by the insured amounts to a representation and its terms are binding

upon the insured. Foster v. Ill. Travelers Home Insurance Co., 156 Tenn., 436, 300 S. W., 7. This rule applies to the "Sole Ownership Clause" of a fire insurance policy. It is stated as follows: "Where such conditions are contained in the policy, and there is no statement of the title or specific interest, an acceptance of the policy amounts to a representation by insured that his title or interest is that stated in the condition, and if his title or interest is substantially different the insurance is avoided." This rule does not contemplate an error on the part of the insurance company which avoids its contract. We think the rule has no application to the facts of this case. The reasons upon which the rule is based, as stated in the opinion, supra, have no application to the facts in this case.

The issue upon the receipt, or waiver of proof of loss is made in the motion for a directed verdict, and in an error assigned to the charge of the court. The Circuit Judge should not have directed this verdict under the evidence upon the question of the receipt in time of the notice or proof of loss. There is evidence that the proof of loss was mailed on the 12th of May, the letter in due course would have been delivered on the 13th, which was within the time, and there is a presumption of receipt, but the agency positively denies the receipt of the letter until May 16th, sixty-three days after the loss. This latter fact in proof is not directly disputed. However, the rule is that this proof will not destroy the presumption. It is still a question for the jury. "It has been held that evidence of non-receipt of mail matter, even though it consists of the addressee's positive denial of receipt, does not nullify the presumption, but leaves the question for the determination of the jury under the circumstances, with such weight given to the presumption as they think it entitled to. The burden of proving receipt remains throughout upon the party who asserts it; . . ." Evidence, 22 C. J., Secs. 36 to 44.

But in view of the closeness of this issue, should the court have charged in reference to the waiver of the proof of loss? Certainly there was evidence of a waiver that would not have permitted the court to take the issue from the jury, upon a motion for a directed verdict. However, the question made in the motion for a new trial and in the assignment of error, was, Did the judge make a correct statement of the law in his charge? We think he made a correct statement of the law as applicable to the facts stated. Now it is insisted there is no pleading to justify the introduction of proof in reference to a waiver of the proof of loss. This question could have been made in the lower court by an objection to the evidence or by a motion in arrest of judgment. And no matter how it was raised, it is incumbent upon the defendant to point out the error to the lower court in the motion for a new trial, for this court corrects only

such errrors as has been called to the attention of, and acted on by the trial judge.

The defendant was allowed to amend its motion for a new trial, and assigned as error the prematurity of the suit. This was the first time this question had been raised. It came too late; a party should not be allowed to experiment with the processes of the court, and permit the expense of a trial and then plead its prematurity. If this were error, it is not such as would justify this court in reversing the cause and dismissing it. For it does not affirmatively appear that the error is affirmative error that would have changed the final result. The Act of 1911 was passed to prevent such a course. And it partakes more of a motion in arrest of judgment, which should not have been incorporated in the motion for a new trial.

We do not think the trial judge should have submitted to a jury the question of the penalty, for there is no evidence of a formal demand made after the refusal of payment to warn the company that the penalty would be sought. Insurance Co. v. Whitaker, 112 Tenn., 167, 79 S. W., 119. And further, the value of this car, at the time of its destruction, raised a bona fide dispute which the insurance company was entitled to litigate. The penalty will be disallowed. In all other respects the judgment of the trial court is affirmed, with costs.

Snodgrass and Thompson, JJ., concur.