BROYLES et al. v. SCOTTISH UNION & NATIONAL INS. CO. et al.

Eastern Section. February 25, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

Barnes & Lewis, of Johnson City, for appellants.

Cox, Taylor & Epps, of Johnson City, and James G. Bare, of Erwin, for appellees.

PORTRUM, J. This suit was instituted to collect $1,500 on a fire insurance policy issued by the Scottish Union & National Insurance Company, and payable to the insured, R. M. Barry, trustee. The company resists payment and seeks a forfeiture of the policy on the ground that R. M. Barry, trustee, was not the "sole and unconditional owner of said property." The policy provides for a forfeiture in case the insured is not the sole and unconditional owner of the property. As an additional defense, the company relies upon an equitable estoppel, alleging that at the time of the fire there were two policies of insurance upon the property, one payable to Frank E. Broyles, sole and unconditional owner of the said property, and the other, which is the policy in suit, to R. M. Barry, trustee. The Broyles policy was written by the Automobile Insurance Company, and after the fire, both companies placed the adjustment in the hands of an adjustment agent, Mr. Charles Murphy, for settlement with the insured. This adjuster made inquiry first of Mr. Barry as to who was the owner of this property, and was informed by Barry that he was the person to make settlement with, and it was not necessary to see Mr. Broyles. However, at a later date the adjuster did see Mr. Broyles, and a proof of loss was made out by the adjuster and sent to Mr. Broyles for execution, to be accompanied with a certified copy of the deed to the property which shows the title to the property was in the name of Frank E. Broyles. In Mr. Murphy's communication Mr. Broyles was directed to sign this proof of loss at the place marked by an "X," and he did sign the proof of loss at the designated place, without reading the proof, and swore to it, sending the paper, accompanied by the copy of the deed, to the adjuster, Mr. Murphy, who then paid, or advised the company to pay, the claim standing against the Automobile Insurance Company, but the adjuster declined to pay the claim against the Scottish Union & National Insurance Company, for the asserted reason that Frank E. Broyles was the sole and unconditional owner of the property, and that R. M. Barry, trustee, had no interest in the property either individually or as trustee. It is now pleaded that Frank E. Broyles, who is a party complainant in this suit, is estopped to assert a claim under the policy made payable to R. M. Barry, trustee, since

he had taken a contrary position and had induced the Automobile Insurance Company to act upon this previous representation.

The bill alleges that R. M. Barry, James G. Bare, and Frank E. Broyles purchased the property as tenants in common, but for reasons explained the legal title was taken in the name of Frank E. Broyles, with the understanding that, after certain debts had been satisfied, Broyles would deed a one-third interest in the property to each of his cotenants; that, under these facts, Bare and Barry were the equitable owners of two-thirds of this property, while Frank E. Broyles was the legal owner of one-third of the property, and the holder of the balance of the legal title as trustee for his cotenants. The defendants deny this fact, and assert that Barry and Bare have no title, legal or equitable, to the property. And that the policy is forfeited under the forfeiture clause above referred to. The chancellor in an exhaustive opinion attached to the record disposed of these defenses in favor of the complainant, and granted a recovery, from which the defendant has appealed to this court.

The defense asserted in the lower court, i. e., that Barry and Bare had no interest either legal or equitable in the property, was not sustained by the proof; the chancellor found that Broyles, Barry, and Bare were the owners of the property as tenants in common, and that Broyles held the legal title in trust to the extent of his cotenant interest for them. These facts are satisfactorily established by the proof, and we concur in the finding of the chancellor in respect to them.

Since the facts are not as asserted by the defendant in the lower court, then it has become necessary that the defendant abandon its defense upon the facts and assert a technical defense in respect to the forfeiture. Therefore it is contended in this court that R. M. Barry was not in law the trustee (for, if any one was, it was Frank E. Broyles), and that he as the trustee was not the sole and unconditional owner.

This forfeiture clause is the same as appears in most fire insurance policies, and is enforced by the courts generally, and especially by the Tennessee courts. The reason assigned by the courts for the enforcement of this forfeiture is that the insurance company is entitled to be put upon notice as to the true ownership, in order that it may judge of the care and caution the insured will be calculated to use in the preservation of the property, and in protecting it against loss by fire. There is another forfeiture clause appearing in most policies, and appearing in this policy, which is that the legal title is truly represented in the policy, but this question is not put in issue in this suit, and is mentioned only to illustrate that the draftsman of these policies drew a distinction between these two forfeiture clauses, and the sole ownership clause was not intended to represent the status of the legal title.

It is, and must be, conceded that the equitable owner has an in-

surable interest in property, and, when the true ownership is made known to the insurance company, and the company issues a policy in the name of the equitable owner as trustee for himself and his cotenants, the company thereafter has no standing in a court of equity to enforce a forfeiture on the theory that the insured was not the sole and unconditional owner. The reason for the forfeiture no longer exists, and for the further reason that the company cannot in good faith assert the forfeiture in a court of equity.

Here we have a policy for construction containing the provision in writing that R. M. Barry, trustee, is the insured, and a provision in printing that the insured is the sole and unconditional owner. The company prepared the policy, and it is construed most strongly against it; written provisions take precedence over printed provisions when there is a conflict between their terms; when the insured is designated as a trustee, and the beneficiaries are unnamed, then it necessarily follows that the trustee is not the sole and unconditional owner of the property, and a written provision is in direct conflict with the printed forfeiture provision, and under such circumstances the insurance company is in no position to assert a forfeiture, because the policy put it upon notice of the conflict at the beginning, and it cannot in good faith accept a forfeited policy and receive the premiums therefor with the right in case of loss to decline to pay the loss. But in this case the company not only had notice given by the provisions of the policy, but also had actual notice of the ownership by the parties; the agent who wrote both policies knew that Frank E. Broyles was not the sole and unconditional owner, at the time she wrote the second policy. She knew at that time others were interested in the property, and for this reason she made inquiry as to who should be named as the insured. It follows then that, if Broyles, Barry, and Bare were the owners of the property, then there was no false representation, and, as the chancellor found, the insurance company is estopped, with this knowledge, to assert that the representation was false. This holding is not, in our judgment, in conflict with the case of Foster v. Insurance Co., 156 Tenn., 436, 300 S. W., 7; this is but the application of the reasons stated in that opinion to a different state of facts as found in this case. It is therefore authority for this holding. See, also, Insurance Co. v. Whitaker & Dillard, 112 Tenn., 165, 79 S. W., 119, 64 L. R. A., 451, 105 Am. St. Rep., 916.

This case is not controlled by the rule announced in those cases where the insured is named as the sole and unconditional owner, when, as a matter of fact, he should have been named as a trustee. In those cases there was nothing to put the insurance company on notice of the true state of the title. And there was a representation which was false; in this case the representation is not false, for the insurance was taken out for the beneficial owners who had an insurable interest in the property. The insurance company was aware of the true state

of the title. The chancellor's opinion dealt at length with the rules of law applicable to the facts of this case, and we refer to this opinion without further elaboration upon these rules of law.

Now are the parties estopped to assert the right to the collection of the claim growing out of the loss of the property under the second policy of insurance? It is true that one of the parties complainant, Frank E. Broyles, filed proof of loss under the first policy, stating that he was the sole and unconditional owner of the property, to which was attached a copy of the deed bearing out this statement, and upon the face of which the Automobile Insurance Company paid the claim through its adjuster, Mr. Murphy. Mr. Murphy testifies that he approved of the adjustment of the first policy, for the reason that his investigation had convinced him that R. M. Barry, trustee, had no insurable interest in the property, and was not the sole and unconditional owner. He came to this conclusion, notwithstanding Mr. Barry had asserted his ownership in the right to collect the second policy. With these facts before the adjuster, we think there is no equitable estoppel established against the complainant, for the reason the defendant was not injured in any way. The proof in this case shows that the defendant's policy was a valid policy, and it indicates that perhaps the first policy was subject to a forfeiture, but because the first company did not take advantage of this forfeiture clause raises no right in the second company to assert a forfeiture clause upon the ground of misrepresentation, when the clause was not violated. Therefore the second company suffered no injury and cannot rely upon an equitable estoppel.

Perhaps it may be insisted that Frank E. Broyles is judicially estopped because he swore to a statement in his proof of loss under the first policy, and he now asserts this statement to be untrue. Had he made this sworn statement deliberately and knowingly, this court would have been inclined to sustain this defense, but this proof of loss was prepared by the adjuster representing both companies in the adjustement of the two losses, knowing of the fact that both Broyles and Barry were asserting a claim to the property, and it was sent to Broyles with the direction that he sign his name at the place marked with an "X." This indicates that Broyles was not expected to read this proof of loss, but was to hunt out the place marked with an "X" and there sign his name; he did this, and did not read the proof of loss. We think the adjuster's instructions that he sign at the place marked with the "X" was an invitation for Broyles not to read the proof of loss, while, under the circumstances, we think it the duty of the adjuster to call Broyles' attention to the fact that he was making this statement which would be used as a defense to the other policy, if necessary. It may not have been the company's duty to prepare the proof of loss, but, if it undertook this duty, it should deal frankly with the insured. If this written instrument were a

contract, then Broyles' failure to read it would be no defense, but a judicial estoppel is based upon bad faith, and a sworn statement must have been made knowingly, or with such a degree of negligence that the court will impute knowledge to the affiant.

Under the facts in this case, we do not think the rule of a judicial estoppel is applicable. We find no error in the judgment of the lower court, and it is affirmed, with costs.

Thompson, J., and Cassell, Sp. J., concur.