(47 App. Div. 204.)

PARKER v. OTSEGO COUNTY FARMERS' CO-OPERATIVE FIRE INS. CO.

(Supreme Court, Appellate Division, Third Department.   January 16, 1900.)

1. INSURANCE—APPLICATION FOR—CONSTRUCTION.
    Where an application for insurance on real property was wholly made out by the applicant himself, whether in print or in his own handwriting, the insertion therein of a statement that "the aforesaid premises are not incumbered, by mortgage or otherwise, to exceed the sum of $————," conveyed the idea that there was some incumbrance thereon, either of an uncertain, unknown, or unstated amount.

2. SAME.
    Where an application for insurance was made upon a printed form furnished by the insurance company, and the paragraph reading, "The aforesaid premises are not incumbered, by mortgage or otherwise, to exceed the sum of $————," was not completed by the applicant's filling the blank, it was neither an assent nor a dissent to the fact of the existence or otherwise.

3. SAME.
    Failure to answer a question, in an application for insurance, as to the amount of incumbrances on the property, was not a fraudulent concealment, rendering a policy thereafter issued void.

Appeal from trial term.

Action by Isaac B. Parker against the Otsego County Farmers' Co-operative Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, KELLOGG, and MERWIN, JJ.

James W. Tucker (Lynn J. Arnold, of counsel), for appellant.
H. M. Aylesworth, for respondent.

KELLOGG, J. The only question presented upon this appeal relates to the construction to be placed upon a certain paragraph appearing in the application for insurance relating to incumbrances upon the property insured. It is conceded that there were incumbrances by way of mortgages upon the farm upon which the house which was burned stood; such mortgages also covering other real estate. The amount of the incumbrances does not appear. The policy of insurance contains the clause, "In consideration of the stipulations contained in the application for the policy," and the application is made a part of the policy. The portion of the application bearing on the question here for review is in these words:

"And I hereby certify that I own the aforesaid property, which I believe to be worth thirty-seven hundred and fifty dollars. I hereby agree to take a policy of insurance to said company upon the aforesaid property to the amount of two thousand dollars, and to become, on receipt thereof, a member of said company. The aforesaid premises are not incumbered, by mortgage or otherwise, to exceed the sum of $————."

The appellant urges that this is a declaration on the part of the applicant that there was no incumbrance by way of mortgage upon the property; that, taken with the policy, it amounted to a warranty of no incumbrance; and that the policy is void, at least as to the house, because there were in fact mortgages outstanding upon property which included this property. The case does not disclose whether this application was wholly in the handwriting of the applicant or partly printed; whether it was a form issued by the company or one furnished by the applicant. The answer says: "The said plaintiff signed and presented to said defendant an application in writing." The materiality of this, if it is at all material, bears only upon the question as to whether the paragraph should be regarded in the light of a question by the company, left unanswered, or a declaration of the applicant that there were mortgages, but the amount he declines to state, or is unable to state. If this application was wholly made out by the applicant himself, whether in print or in his own handwriting, there would not appear to have been any occasion for his saying, "The aforesaid premises are not incumbered, by mortgage or otherwise, to exceed the sum of $————," unless he intended to convey the idea that there was some incumbrance. If he had intended to state that there was no mortgage or other incumbrance, he would doubtless have said so in plain terms; and his failure to do so would leave the inference, it seems to me, not that there was no incumbrance, but that there was incumbrance, of the nature stated, of uncertain, unknown, or unstated amount. If this application, on the other hand, was made upon a printed form, furnished by the company, and this paragraph was entirely in print when furnished, it would appear that the applicant had paid no heed to it, and had in no way shown that he had answered it, or adopted it as a positive declaration. He neither assented nor dissented, but left it as the company made it,—uncertain, and meaning literally nothing as an affirmative statement. It is clear the company intended that it should be answered. It was returned to the company incomplete, because not answered, not made certain, and in the precise condition

as when submitted to the applicant. This, I think, should not have been overlooked by the company. They had no right to assume anything from that beyond the fact that the applicant declined to state what the amount of the incumbrances actually was; that he entirely ignored any effort on the part of the company to have him state as to incumbrances. This eliminates from the case the grounds of appellant's contention, for there could be no warranty unless the applicant made the statement, and no breach unless the statement were false.

The further claim of appellant that the policy was void because of fraudulent concealment of the material fact that there were incumbrances, I think untenable, for the reason that there was no fraudulent concealment. The failure to answer the question implied in the paragraph referred to, or answering it to a certain point, and not completing his answer, was notice to the company simply that he declined to divulge; and the company might or might not issue to him a policy, as it pleased, on such facts as the company had. It was not concealment of which the company was not advised before the policy was issued, and therefore not fraudulent.

I think the judgment should be affirmed, with costs. All concur.