Light & Co. v. Insurance Co.

LIGHT & Co. v. INSURANCE Co.

(*Knoxville.*    October 20, 1900.)

1. FIRE INSURANCE. *Policy severable, when.*

A fire policy for $600, taken by a liveryman and distributed as follows, to wit: "$275 on live stock, $275 on rolling stock, carriages, buggies, etc., and $50 on the harness, combs, etc.," is not an entire and indivisible, but a severable, contract. (*Post, pp. 481–483.*)

Case cited: Insurance Co. v. Connely, 104 Tenn., 93.

2. SAME. *Policy not rendered void by liens on insured property.*

The statute which provides that no misrepresentation or warranty of the insured "shall be deemed material, or defeat or avoid the policy or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter represented increase the risk of loss," so far modifies and controls the contract of fire insurance in this State, that the mere existence of liens on insured personalty by mortgage or by retention of title for purchase price, does not constitute a violation, in the absence of fraud, of the provisions in the policy, making it void "if the interest of the insured in the property be not truly stated," or "if the interest of the insured be other than the unconditional and sole ownership," or if the insured property "be or become incumbered by a chattel mortgage." Such liens do not increase the risk, as the secured debt would remain after destruction of the property. (*Post, pp. 483–490.*)

Act construed: Acts 1895, Ch. 160, § 22.

Code construed: §3306 (S.).

Cases cited: Insurance Co. v. Crockett, 7 Lea, 727; Delahay v. Insurance Co., 8 Hum., 684; Insurance Co. v. Barker, 7 Heis., 504.

3. SAME. *Same.*

The insurer has in such case an equitable title to the property, alike whether the legal title has been retained by his vendor for the purchase price or he has himself conveyed the property by mortgage. (*Post, pp. 486–489.*)

Light & Co. v. Insurance Co.

Code construed: §§ 3666, 3670 (S.).

Cases cited: Catron v. Insurance Co., 6 Hum., 177; Gudger v. Barnes, 4 Heis., 570; Tharpe v. Dunlap, 4 Heis., 682; Irvine v. Muse, 10 Heis., 477.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

J. V. WILLIAMS and T. C. LATIMORE for Light & Co.

ANDREWS & ANDREWS & SMITH for Insurance Co.

McALISTER, J. This is a suit upon a policy of fire insurance. The property covered by the policy comprised horses, carriages, and harness employed in complainant's livery stables on Broad street, in the city of Chattanooga. The amount of the indemnity was $600, distributed as follows, to wit: $275 on live stock, $275 on rolling stock, carriages, buggies, etc., and $50 on the harness, combs, etc. On the night of November 13, 1898, the entire property was destroyed by fire. The defendant company resisted the payment of the policy upon the ground of a breach of the following stipulations in the contract of insurance, namely: "This entire policy shall be void if the

21 p—31

insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof, or if the interest of the insured in the property be not truly stated," etc.

Again it is provided, viz.: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than the unconditional and sole ownership, or if the subject of the insurance be personal property, and be or become incumbered by a chattel mortgage."

Defendant insisted these clauses of the policy had been violated, for the reason that at the time the insurance was effected C. R. Baird & Co. retained title to two surreys, one buggy, and one pair of harness of the insured property. Further, that the Milburn Wagon Co. retained title to one surry, a pair of harness, and one buggy. This retention of title was by vendors to secure unpaid purchase money. It was further insisted that the Citizens Bank & Trust Co., of Chattanooga, at the time said policy was issued, had a chattel mortgage on two of the horses and one surrey of the insured property, to secure an indebtedness of $125.

A majority of the Court of Chancery Appeals, reversing the decree of the Chancellor, found the existence of the incumbrances alleged upon the insured property, and being of the opinion that the

policy was thereby avoided, dismissed complainant's bill.

The more specific holding of the Court of Chancery Appeals was, that the retention of title by vendors to secure balance of purchase money to part of the property insured, violated that clause of the policy against unconditional and sole ownership, and that the deed of trust for benefit of the Citizens Bank and Trust Co. violated ·that clause of the policy against chattel mortgages.

Complainant appealed and has assigned this holding of the Court as error.

It may be stated, preliminarily to the consideration of the assignment of errors, that the Court of Chancery Appeals held the policy in question to be severable, and not entire or indivisible, and this for the reason that the property covered by the policy was separately classified and valued, and a determinate part of the indemnity affixed to each class. We concur with the Court of Chancery Appeals in this conclusion, but since the holding is not before us for review, the defendant company not having appealed, we pretermit any elaboration of the subject. See *Home Fire Insurance Co.* v. *Connolly,* 20 Pickle, 93.

The first assignment of error upon complainant's appeal is that the Court of Chancery Appeals was in error in holding that the provision in the policy for unconditional and sole ownership was breached by the outstanding title in the vendor to part of the

property insured to secure the balance of purchase money, and that the entire policy was thereby avoided. The Court of Chancery Appeals found that at the time the policy issued a horse embraced in the first classification of the insured property and a surrey embraced in the second class were incumbered by a deed of trust or mortgage to secure a debt of $125 to the Citizens Bank and Trust Co., of Chattanooga; that C. R. Baird & Co. retained and held title to two surreys and one buggy embraced in the second class, and that the Milburn Wagon Co. held title to one surrey embraced in the second class, and one pair of harness embraced in the third class.

It will be observed that the property insured was divided into three classes, with a prescribed amount of insurance upon each class, and that there was property in each class under mortgage, or the title to which remained in the vendors of complainant for payment of purchase money. The Court held that although the policy was severable, still complainants were not entitled to recover because articles of the insured property in each class were incumbered by mortgages or by the vendor's retention of title, thus contravening the express stipulations of the policy already mentioned.

We will first consider the alleged breach of the clause requiring sole and unconditional ownership, for this is distinct from the other clauses avoid-

ing the policy if the personal property is incumbered by a mortgage. We remark in the first place that while there are a number of cases on the subject in our own reports, the citations of the Court of Chancery Appeals are exclusively from other States, and our own cases, so far as the opinion of that Court discloses, were not considered or cited.

In the case of *Insurance Co.* v. *Crockett,* 7 Lea, the policy insured a dwelling house upon which a vendor's lien had been retained. The Court said:

"In the case of *Delahay* v. *Memphis Ins. Co.,* 8 Hum., 684, it was held definitely that the existence of a mortgage on the property insured, not disclosed, was not a circumstance material to the risk, and would not avoid the policy. In the case of *Manhattan Ins. Co.* v. *Barker,* 7 Heis., 504, it was a term of the policy that 'it should be void if the interest in the property be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, and this be not represented to the company.' This language is identical with that found in the present policy. The case was, that Barker had purchased the goods insured, paid a portion of the purchase money, the goods had been conveyed to him by his vendor, but a lien retained in the bill of sale to secure the unpaid balance of the purchase money . . . We can

see no difference in principle between the principles announced and the one that will sustain the holding of the Circuit Judge in the present case. If the existence of a lien by contract, undisclosed, does not vitiate a policy, then one merely based on the retention of the title, by the vendor, would have no more effect, as far as we can see. It is insisted that in the last case the legal title was in the vendee, subject to the charge for balance of purchase money, and this should distinguish the case from the present one. But the case in 8 Hum. was the case of an unsatisfied mortgage, where the legal title was in the mortgagee, the insured having only the equitable title. There can be no distinction in principle, as this Court has said, between a legal title conveyed and one retained as security for purchase money. We think the reasoning of Judge Green, 8 Hum., 684, 685, sound on this question, that a mortgage is only security for the debt, and if the property is destroyed the debt remains; so that the assured has as much interest in protecting the property as if there were no incumbrance on it. He therefore held the mortgage was not a circumstance that increased the risk, and failure to disclose did not vitiate the policy. If this be correct, then the failure to disclose the fact that the property was incumbered by the lien was not material to the risk in this case, and certainly it ought not to be held that the

terms of this policy required such a disclosure, regardless of whether the risk was affected by it or not, and especially where no inquiry was made as to the state of the title, as in this case. It is not questioned but that the insured had an insurable interest in this property, and it is equally certain he had a complete equitable title, and was as much interested' in the preservation of his dwelling as if there had been no lien on the lot on which it stood." 7 Lea, 727, *et seq.*

A purchaser of personal property in a conditional sale reserving the title, is the equitable owner of the chattel. Shannon's Code, §§ 3666-3670; *Catron* v. *Ins. Co.,* 6 Hum., 177; *Duprean* v. *Ins. Co.,* 76 Mich., 615.

Again, it is provided by the Act of 1895, Chapter 160, Section 22 (Shannon's Code, § 3306), viz.: "No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation is made with actual intent to deceive, or unless the matter represented increase the risk of loss."

The Court of Chancery Appeals finds as a fact complainant was guilty of no fraud, concealment, or misrepresentation in procuring the policy, and under the cases already cited, the existence of a

lien or mortgage on the property insured is not, as matter of law, material to the risk. Counsel for defendant company thinks the case of *Delahay* v. *Ins Co.,* 8 Hum., wholly inapplicable, for the reason that the policy did not contain the covenant against mortgages and incumbrances which is found in the present policy. But that case does decide that an undisclosed mortgage on the insured premises was not material to the risk, and the Act of 1895 declares that unless the misrepresentation or warranty in the policy increase the risk of loss it shall not defeat the policy. It is also said that the case of *Manhattan Ins. Co.* v. *Barker,* 7 Heis., 503, is inapplicable, for the reason that it appeared the insured had the legal title to the goods, and his vendor a mere lien for the purchase money, and the Court held this did not affect the clause providing for unconditional and sole ownership by the insured. It is insisted in this case both covenants are violated, the one against mortgages and incumbrances and the other as to the unconditional and sole ownership of the goods by the insured. But certainly the Barker case is precisely applicable to the facts of the case now being decided, so far as the retention of title by the vendors of complainant to certain items of the insured property is concerned.

Again, it is objected that *Ins. Co.* v. *Crockett,* 7 Lea, is not in point, for the reason the in-

surance in that case was effected on a house, which the insured held under a title bond, and that a title bond has always been considered a lien merely, and hence the case does not apply where there has been a transfer of the title, as in a mortgage or deed of trust. The holder of a bond for title is regarded as the equitable owner of the land, while the legal title is in the vendor. *Gudger* v. *Barnes,* 4 Heis., 570; *Tharpe* v. *Dunlap,* 4 Heis. 682; *Irvine* v. *Muse,* 10 Heis., 477.

We think it wholly immaterial whether the incumbrance on the insured property is in the form of a lien merely or a mortgage, since our cases declare that such conditions do not increase the risk. Stress has been laid in argument on the moral risk as an important element always to be considered in insurance contracts, and so we have held. *Home Ins. Co.* v. *Connelly,* 20 Pickle.

As said by Judge Green in *Delahay* v. *Ins. Co.,* 8 Hum., 684, a mortgage is only a security for the debt, and if the property be destroyed, the debt remains; so that the assured has as much interest in protecting the property as if there were no incumbrances on it. He therefore held the mortgage was not a circumstance that increased the risk, etc.

We do not think the clause in the policy prohibiting a chattel mortgage on the insured property effective to avoid this policy, since the stat-

ute declares that the misrepresentation or warranty must be material, and its breach such as to increase the risk. We are constrained, therefore, to hold, in view of our statute and decisions, regardless of what may be held elsewhere, that the facts found by the Court of Chancery Appeals do not avoid the policy in question, and that complainant is entitled to recover.

The decree of the Court of Chancery Appeals. is reversed.