STANDARD GROCERY COMPANY *v.* NATIONAL FIRE INSURANCE
COMPANY.

(*Knoxville.* September Term, 1930.)

Opinion filed November 28, 1930. Petition to rehear denied January
17, 1931.

MILLER, SEILER & HUNTER, for complainant, appellee.

SIZER, CHAMBLISS & SIZER, for defendant, appellant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The chancellor entered a decree on a fire policy in favor of complainant for $1062.50. His decree was affirmed by the Court of Appeals. The defenses are:
1. That the policy did not insure complainant.
2. That the interest of the insured was not truly stated in the policy.
3. Change of ownership prior to the fire.

The policy was issued in favor of "Carter Grocery Co., G. C. Long and A. J. Stanberry, Props."

The facts are that the Standard Grocery Company is a corporation engaged in the wholesale grocery business at Elizabethton. It decided to open a branch house in the same city, using the trade name of Carter Grocery Company, and placed G. C. Long and A. J. Stanberry in charge. The capital stock in the Standard Grocery Company was owned by Long, Stanberry and two Birchfields. The agent of defendant, Jenkins, called on Long to sell him some life insurance. After discussing that matter they discussed fire insurance, and Long agreed to take

$2,000 fire insurance on the stock with defendant. Long testified as follows:

"Q. Did you tell Mr. Jenkins to put the word 'Props.' after your name in this policy or did he do that of his own accord? A. I think he asked me if we were the owners of the Carter Grocery Company and we told him that we were, and I think he just added that of his own accord. I don't know if I suggested it."

So that it was the Carter Grocery Company, owned by Long and Stanberry, that defendant was insuring, when as a matter of fact this business was owned by Standard Grocery Company, a corporation. The words "proprietor" and "owner" mean the same thing and are synonymous. The policy provides as follows:

"This entire policy shall be void if the interest of the insured in the property be not truly stated therein."

Also:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the assured be other than unconditional and sole ownership."

The company was insuring goods which Long and Stanberry claimed to be the owners of but which they only had an interest in.

Where a party represents himself to be the owner of certain property and he only owns a half interest the policy is void even though the misrepresentation be the result of ignorance. *Catron* v. *Tennessee Insurance Co.,* 25 Tenn., 176.

Even though nothing had been said about title, if complainant had accepted the policy, in which Long and Stanberry were designated as owners of the property in-

sured, it could not recover. *Foster* v. *Ill. Trav. H. Ins. Co.,* 156 Tenn., 436.

We are unable to accept the view entertained by the other courts, that the mistake in naming the insured was due to the negligence of Jenkins, which negligence will be imputed to the company. Long told Jenkins that he and Stanberry were the owners and they accepted the policy, payable to them as "proprietors," which is the same thing.

Neither can we agree with the other courts that defendant waived the provisions of the policy quoted above.

Before the fire all of the stock in complainant company had been sold and transferred to the Jellico Grocery Company.

When the defendant was notified of the fire it sent its adjuster to Elizabethton, who, before taking any steps, entered into the customary written nonwaiver agreement, which he signed for defendant, and which was also signed "Standard Grocery Company, Jellico Grocery Co., Prop., by B. F. Siler, Mgr." The adjuster and the one representing the other company then investigated the loss and agreed that it amounted to $4,000. They found a party who offered to pay $1875 for the salvaged goods. Before making the sale, however, the adjuster for defendant had Mr. Siler to agree thereto, the $1875 to be paid to complainant, which was done by the purchaser, and had him to further agree that this was to in nowise prejudice its right to resist liability on the policy. So that complainant suffered no prejudice or injury by that proceeding.

Such an agreement is valid and binding. 26 Corpus Juris, 338.

It is also well settled that a nonwaiver agreement does not prevent a waiver by subsequent independent acts or

statements of the company through its authorized agent. 33 Corpus Juris, 32.

If the adjuster had gone ahead and sold the salvaged goods without the consent of complainant, and without reserving the right of the company to contest its liability on the policy, we would have a different case.

The equities of the cause seem to be with complainant; but equity has to follow the law. There is nothing to indicate any fraud or purposeful misrepresentation by Long and Stanberry. It was unfortunate that Long told Jenkins that he and Stanberry were the owners of this stock and accepted the policy when so written without having it corrected.

The writ of *certiorari* has heretofore been granted and argument had.

For the reasons indicated, we feel constrained to reverse the Court of Appeals and dismiss the bill. We feel that it would be equitable to tax the defendant with all of the costs.