ALFRED *v.* BANKERS' & SHIPPERS' INS. CO. *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed Feb. 24, 1934.

W. C. DAVIDSON, of Nashville, for appellant.

RUFUS M. HICKEY III, and ANDERSON, AUST, McGUGIN & EVANS, all of Nashville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit upon a fire insurance policy of $5,000 covering a residence in Nashville that was destroyed by fire. The property was mortgaged and the policy carried a standard mortgage clause protecting the mortgagee as its interest might appear. Liability was denied by the insurer. The chancellor rendered a decree in favor of the

mortgagee, for some $3,000, but denied the right of the insured to any recovery. The insured appealed from so much of the decree as denied him recovery. The insurer did not appeal from that portion of the decree awarding recovery to the mortgagee.

The policy was conditioned that it should be void ''if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple.'' As a matter of fact, the property belonged to the insured and his wife as tenants by the entirety and the title to the ground was vested in them as such tenants.

It does not appear that any inquiries were made of the insured as to title and ownership when this policy was issued. The acceptance of the policy, however, under the decisions of this court, containing the provision quoted, amounted to a representation that the title and ownership were as stated. *Foster* v. *Illinois, etc., Ins. Co.,* 156 Tenn., 436, 300 S. W., 7; *Standard Grocery Co.* v. *National Fire Ins. Co.,* 161 Tenn., 640, 32 S. W. (2d), 1023; *Cooley* v. *East & West Ins. Co.* (Tenn. Sup.), 61 S. W. (2d), 656.

A false representation by a tenant in common or other part owner that he was the sole and unconditional owner of property insured would undoubtedly avoid the policy. *Catron* v. *Tennessee Ins. Co.,* 25 Tenn. (6 Humph.), 176; *Foster* v. *Illinois, etc., Ins. Co., supra; Standard Grocery Co.* v. *National Fire Ins. Co., supra.* Such a misrepresentation is clearly material to the risk.

As noted in the cases cited, the just and reasonable purpose of the sole and unconditional ownership clause in insurance policies is to avoid the assumption of risks for those whose lack of interest in the property or whose

contingent interest in the property might induce on their part carelessness or wrongdoing in its use or preservation. The idea is to prevent a party who holds merely an undivided or contingent interest in property from appropriating to his own use the proceeds of a policy, taken upon the valuation of the entire and unconditional title, as if he were the sole owner and to remove from the insured the temptation to perpetrate fraud and crime. As more bluntly expressed in *Catron* v. *Tennessee Ins. Co., supra,* the insured "being the owner of only one-half of the property insured, he had in the first place only one-half as much interest in protecting it from destruction by fire, as he would have had otherwise. In the second place, being the owner of only one-half, and having insured for the whole in his own name, and for his own benefit, he had much higher temptation to apply the brand with his own hand."

The text-writers express the opinion that a tenant by the entirety is not the sole and unconditional owner of the property, within the meaning of a policy provision such as is here under consideration. 4 Couch on Insurance, section 1391; 3 Joyce on Insurance, section 2042; 26 C. J., 180. It may be true that the decisions upon which these texts rest interpret the common law of the different states as modified and affected by the statutes of such states as suggested in *Connecticut Fire Ins. Co.* v. *McNeil* (C. C. A.), 35 F. (2d), 675. We think, however, the same result must be reached by the interpretation of the common law as modified and affected by the statutes of Tennessee, if indeed our statutes affect the common law in this respect.

The same reasons which deny recovery to a tenant in common or other part owner on a policy issued upon

his representation that he was sole and unconditional owner deny such recovery to a tenant by the entirety who has made a like misrepresentation. If such reasons be somewhat less cogent in the latter instance, the difference is only one of degree, and the reasons are still sound.

Necessarily the interest of a tenant by the entirety in real estate is of much less value than that of the sole and unconditional owner. The former interest cannot be disposed of so as to defeat the right of the surviving spouse. Such an interest is of little more value than a life estate. A tenant by the entirety would have no such inducement to protect the property insured as would the sole owner, and if he were permitted to insure as sole and unconditional owner at full value, temptation to fraud would be present. The insured here comes into court asserting his bare legal rights under this policy. No element of estoppel or special equity is brought out in his favor. Such being the case, we are satisfied that the chancellor's decree was correct.

Counsel for the insured rely on *Connecticut Fire Ins. Co.* v. *McNeil,* 35 F. (2d), 675, a decision of the United States Circuit Court of Appeals for the Sixth Circuit. With the greatest deference to that learned court, we are unable to follow the decision. The case presented to the court was similar to the one before us. The court quoted *Ames* v. *Norman,* 36 Tenn. (4 Sneed), 683, 70 Am. Dec., 269, defining ''tenancy by the entirety,'' as that estate existed at common law in Tennessee, and pointed out that the Married Women's Emancipation Act, chapter 126 of the Public Acts of 1919, specifically provides that nothing therein ''shall be construed as abolishing tenancies by the entirely.'' Section 2. The court appeared to reason that in respect to this tenancy husband

and wife were as one person in law, that the legal existence of the wife was incorporated into that of the husband, or that the husband at least was the dominating personality and representative of the union, and that accordingly the husband, as tenant in 'fee simple by the entirety, was within the policy requirement of sole and unconditional ownership.

It is true that as tenants by the entirety the husband and wife are regarded as one. It is, however, a composite *one*. The unit consists of both husband and wife. Certainly, in a technical sense, the husband is not the sole and unconditional owner of property held by him and his wife as tenants by the entirety, nor is he such owner for practical purposes. He cannot sell or incumber anything but his interest. We have heretofore shown that the interest of the tenant by the entirety is of little more value than the interest of the life tenant.

Nor can it be said that the husband is the dominating personality in the tenancy, since the passage of the Married Women's Emancipation Act. That statute merely provided that it should not be construed as abolishing tenancies by the entirety. As intimated in *Campbell* v. *Campbell* (Tenn. Sup.), 66 S. W. (2d), 990, decided January 13, much of the husband's domination over the estate by the entirety came by reason of his common-law *jus mariti* with respect to the wife's property, and not by virtue of the tenancy itself. *Cole Mfg. Co.* v. *Collier,* 95 Tenn., 115, 31 S. W., 1000, 30 L. R. A., 315, 49 Am. St. Rep., 921. Such *jus mariti* is largely destroyed by the act of 1919—at least during the life of the wife.

If it could be said that the husband, the insured in this case, was for all practical purposes a life tenant of the property, and therefore, under decisions of some

courts, the sole and unconditional owner of the property, even in that capacity, he is not the owner of the ground on which the building stood in fee simple, and he is still without the protection of the policy. *Hughes* v. *Millers' Mutual Fire Ins. Co.,* 147 Tenn., 164, 246 S. W., 23, 28 A. L. R., 797.

For the reasons stated, the decree of the chancellor must be affirmed.