LLOYDS AMERICA *v.* DUCK.

(*Jackson,* April Term, 1939.)

Opinion filed May 27, 1939.

ROBERT P. ADAMS, of Trenton, for plaintiff.

LYLE B. CHERRY, of Trenton, for defendant.

MR. JUSTICE McKINNEY, delivered the opinion of the Court.

This is a suit on a fire insurance policy issued May 25, 1936, by Lloyds America to Arthur Duck. The policy insured a stock of merchandise for $500 and fixtures for $1,000, located in Rutherford, Tennessee. The annual premium paid was $32.70. The property was destroyed by fire on January 8, 1937.

The jury returned a verdict in favor of the defendant in error, Arthur Duck, for $1,500, which was approved by the trial court.

The Court of Appeals reversed the judgment of the trial court and dismissed the suit upon the ground that

522

the motion of the insurer for a directed verdict should have been sustained.

This court granted the petition of defendant in error for a writ of *certiorari,* and the case has been ably argued and briefed by counsel.

The insurer denied liability, and when sued invoked the following defenses:

1. That the fire was of incendiary origin.

2. Intentional false swearing with respect to the proofs of loss.

3. A chattel mortgage on fixtures in violation of the terms of the policy.

The first defense was abandoned in the Court of Appeals.

The second defense was submitted to the jury and they rejected it. The Court of Appeals also found that there was no intentional false swearing, and the insurer has filed no petition for *certiorari;* hence that defense cannot be relied upon in this court.

With respect to the third defense, upon which the Court of Appeals predicated its judgment, it appears that there was a mortgage on the fixtures at the time the policy was issued, which was unknown to the insurer, and $300 of the debt secured by the mortgage was unpaid at the time of the fire. The policy contained the standard provision that it should be void "if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

In *Light & Co.* v. *Greenwich Insurance Co.,* 105 Tenn., 480, 485, 58 S. W., 851, it was held that violation of such a provision did not avoid the policy, while in *Globe & Republic Ins. Co. of America* v. *Shields,* 170 Tenn., 485, 492, 96 S. W. (2d), 947, it was held that such a provision

would be given effect. It seems that the decision in the *Light & Co. Case* was predicated upon section 22, Chapter 160, Public Acts 1895, which provides:

"That no written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter represented increase the risk of loss."

The opinion in the *Light & Co. Case* is silent as to whether there was a written application stating that the property was unencumbered. In any event, the question determined by the court was that such misrepresentation or warranty did not increase the risk so as to avoid the policy. In the case under consideration the insurance was not procured as the result of any misrepresentation or warranty by the insured, so that the above statute has no application, and we feel constrained to give effect to the provision of the policy against encumbrance, as was done in *Globe & Republic Ins. Co. of America* v. *Shields, supra.* · The courts generally enforce such an agreement voluntarily entered into by the parties.

In 26 C. J., 243, it is said:

"In the absence of any specific provision in a policy a subsequent encumbrance on the insured property will not affect the insurance. But the fact that the execution of a mortgage has been held not to constitute a change in title, ownership, or interest, as well as insurer's desire to prevent a lessening of insured's interest in protecting the insured property, has led to the insertion in

many policies of a specific provision against encumbrances. Such conditions are valid and enforceable.''

The above text is supported by many cases listed in the footnote, as well as in subsequent digests. The decisions of the Federal courts are to the same effect. *Sun Ins. Office* v. *Scott*, 284 U. S., 177, 52 S. Ct., 72, 76 L. Ed., 229, 230. The only case that we have found to the contrary is that of *Union Assurance Society* v. *Nalls*, 101 Va., 613, 44 S. E., 896, 99 Am. St. Rep., 923, which was expressly overruled in *Virginia Fire & M. Ins. Co.* v. *Lennon*, 140, Va., 766, 125 S. E., 801, 38 A. L. R., 186, 196. From what we have said it follows that no recovery can be had herein for the fixtures which were burned.

Counsel for defendant in error insists that under the rule of severability a recovery of $500 for the stock of goods, which was unencumbered, should be adjudged. While the Court of Appeals followed the decision in *Globe & Republic Ins. Co. of America* v. *Shields, supra*, as to encumbrance, they did not follow the rule there applied as to the severability of the contract. Such a policy, in the absence of fraud, is severable by the weight of authority. 26 C. J., 192. This rule was applied by this court in the *Shield's Case*, and was approved in *Insurance Co.* v. *Connelly*, 104 Tenn., 93, 56 S. W., 828, and the *Light & Co. Case*.

Counsel for plaintiff in error insist that this court adopted a different rule in *Payne* v. *Eureka-Security Fire & Marine Ins. Co.*, 173 Tenn., 659, 122 S. W. (2d), 431. A petition to rehear in that case has been granted and that question is being further considered. The *Payne Case*, however, has no application to the facts of the instant case, the rule there applied being that where the breach of condition, although in terms affecting only

one item, is such as to increase the hazard to which other items are subjected, the policy will be avoided. In the case under consideration the risk or hazard was not increased as a result of the mortgage.

In *Hughes* v. *Millers' Mut. Fire Ins. Co.*, 147 Tenn., 164, 171, 246 S. W., 23, 25, 28 A. L. R., 797, the court said: "In many decisions this court has held that the existence of a mortgage, vendor's lien, or retained title on insured property was not material to the risk, and a failure to disclose such an incumbrance would not avoid the policy, even though it was conditioned on the insured being the sole and unconditional owner." (Citing numerous cases.) In that case the mortgage was on real rather than personal property.

We conclude, therefore, that the defendant in error, Arthur Duck, is entitled to a judgment for the loss of the stock of merchandise in the sum of $500, together with interest from June 9, 1937. This question was not considered by the Court of Appeals; the contention of defendant in error in that court being that the judgment of the trial court should be affirmed. The appeal from the trial court was broad enough to justify a modification in accordance with this opinion. In this court error was assigned on the failure of the Court of Appeals to award a judgment for the loss of the stock of merchandise. The costs will be equally divided.