PAYNE *v.* EUREKA-SECURITY FIRE & MARINE INS. CO.

(*Knoxville*, September Term, 1939.)

Opinion filed November 25, 1939.

For former opinion, see 173 Tenn., 659, 122 S. W. (2d), 431.

H. J. DENTON and O. W. McKENZIE, both of Dayton, for plaintiff in error.

THOMPSON & BALLARD, of Chattanooga, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

This cause was disposed of by the opinion published in 173 Tenn., 659, 122 S. W. (2d), 431, when writs for *certiorari* were denied. Subsequently writs were granted upon petition for rehearing and the cause set down for argument.

We have reconsidered the questions disposed of in the published opinion and also questions presented by assignments of error, brief, and argument of counsel. Many of the assignments of error are without merit and for that reason are not here discussed. We confine ourselves to a discussion of determinative propositions and to plaintiff's pretermitted assignment of error in the Court of Appeals. That assignment was directed to the action of the trial judge in refusing to allow an amendment to the declaration charging that the insurance company is estopped from relying on the forfeiture for lack of sole and unconditional ownership in the insured, because the company's agents had knowledge of the alleged defect of title when the policy was issued. We have examined the record and find that this motion was made under circumstances that authorized the trial judge to exercise discretion, and that in refusing to allow the amendment the judge exercised reasonable discretion and for that reason committed no reversible error.

In the published opinion we concurred with the Court of Appeals in dismissing the action. The plaintiff had no title to the land on which the house insured by the policy stood. The policy covered both the house and contents. Because the risk on the contents would have been directly affected by any acts that could have affected the risk on the building, it was held that there could be no recovery for the contents. See 26 C. J., p. 192, paragraph 235, note 85, and 26 C. J., p. 101, section 100. In the opinion, we recognized the rule of divisibility in a policy that covers separate classes of property separately valued, but held that the rule of divisibility could not be extended to cases where the property was so situated that the risk on the personalty was inherent in the risk on the realty. Here the house covered by the policy

issued to Payne and wife was located on land owned by Mrs. Anna F. Newberry. The title was not in either Payne or his wife. Personalty insured by the policy on the house was insured as the joint property of Payne and wife. They were represented in the policy as the sole and unconditional owners of both the real estate and the personal property. The plaintiff testified that he owned the personal property and that his wife's only interest was by virtue of her marital rights. The wife did not join in the action to recover on the policy. The explanation of that in the trial court was that the husband and wife had separated, the wife was hostile and refused to join her husband in the assertion of his rights. We did not discuss that fact in the opinion and discussion of it is not required here. The assurance of unconditional and sole ownership of the real estate was material to the risk and, if the insured was not the owner and if the condition was broken, the policy would be void because it was so provided in the policy, and such provisions have been uniformly sustained by decisions of this Court. The risk on the personal property which was also included in the covenant of unconditional and sole ownership inhered in the risk on the house. Loss of the house would involve destruction or injury to the contents, and for that reason, as shown in the published opinion, we said the policy was not severable. That was probably an inaccurate term; we should have said the risk was not severable, for we recognized in the opinion the rule of severability in policies covering separate items separately valued and where the breach of the condition as to one part could not be related to and affect the risk on the other part.

Referring to *Light* v. *Insurance Co.*, 105 Tenn., 480, 58 S. W., 851, it was stated that a policy is void only as to

that part to which a breach not inherent in the risk to the other part pertains. It is sufficient to refer to the authorities cited in the first opinion for the reasons supporting it, without again quoting them. The conclusion that the risk is not severable so as to avoid forfeiture for the breach of a condition of sole and unconditional ownership, when the risk on one class is so related to the risk on the other class that one affects the other, does not conflict with *Light* v. *Insurance Co.*, 105 Tenn., 480, 58 S. W., 851, *Globe & Republic Insurance Co.* v. *Shields*, 170 Tenn., 485, 96 S. W. (2d), 947, and *Lloyds America* v. *Duck*, 174 Tenn., 521, 128 S. W. (2d), 625. In *Light* v. *Insurance Co., supra,* some of the personal property insured was encumbered. The court held that the encumbrance was not material to the risk, that title still remained in the insured; so the court said the policy was not rendered void by the fact of encumbrance. In *Globe & Republic Insurance Co.* v. *Shields, supra,* there were two policies, one on the house and the other on the personalty. The question of the relation of one risk to the other and of severability of the items was not involved in that case. In *Lloyds America* v. *Duck, supra,* the policy covered mortgaged fixtures valued at one thousand dollars and unencumbered chattels separately described and valued at five hundred dollars. The court held that the breach of the condition as to the fixtures could not be related to the unencumbered items insured at five hundred dollars, and said the risk being severable, the right to recover the value of the separately described unencumbered items was not forfeited because of the encumbrance on the fixtures.

Upon rehearing, we find no reason to reverse the conclusion reached in the former opinion. The judgment of the Court of Appeals is affirmed.